IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donna M. Sullivan, ) | C. A. No. 2:04-2173-13AJ |
| ) | |
| Plaintiff, ) | |
| ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Jo Anne Barnhart, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District.

The plaintiff, Donna M. Sullivan, brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying the plaintiff's claims for disability insurance benefits under Title II of the Social Security Act.

### ADMINISTRATIVE PROCEEDINGS

The plaintiff filed an application for disability insurance benefits on March 21, 2001, alleging that she became unable to work on January 7, 1999, due to recurrent seizures, migraine headaches, depression, and back pain. The application was denied initially and on reconsideration by the Social Security Administration. On December 30, 2002, the plaintiff appeared at hearing with counsel and testified that she had moved to Florida. The administrative law judge elected to transfer the case to the appropriate office in Florida. However, it was subsequently

clarified that the plaintiff expected her move to Florida to be only temporary and she wanted a hearing as quickly as possible rather than having to experience the delay which would result from a transfer.  Thereafter, a hearing was held on January 9, 2003, in Columbia, South Carolina.  The administrative law judge before whom the plaintiff appeared with counsel and Karl S. Weldon, a vocational expert, considered the case *de novo*, and on June 12, 2003, found that the plaintiff was not under a disability as defined in the Social Security Act, as amended. The administrative law judge's finding became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on April 27, 2004.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner adopted the following findings of the administrative law judge:

> 1.  The claimant met the disability insured status requirements of the Act on January 7, 1999, the date she stated she became unable to work, and continues to meet them through at least the date of this decision.
>
> 2.  The claimant has not engaged in substantial gainful activity since January 7, 1999.
>
> 3.  The medical evidence establishes that the claimant has a combination of impairments, including seizure disorder, headaches, degenerative disc disease, depression, hypochondriasis, somatoform disorder, and Sheehan's syndrome, but she does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.
>
> 4.  The claimant's allegations of seizures, headaches, depression, inability to concentrate,

pain and other symptoms occurring with such frequency and severity as to preclude even unskilled nonhazardous light work are not credible for the reasons set forth in the rationale of this decision.

5. The claimant has the residual functional capacity to perform the physical exertion and nonexertional requirements of work except for frequent lifting of more than 10 pounds or occasional lifting of more than 20 pounds; climbing, balancing, or exposure to heights, hazardous machinery or operation of automotive equipment; or jobs outside of a low stress environment restricted to routine, repetitive tasks involving simple one-to-two step instructions and not requiring public contact (20 CFR 404.1545)

6. The claimant is unable to perform her past relevant work as an Army recruiter or medical equipment or medical supplies sales representative.

7. The claimant's residual functional capacity for the full range of light work is reduced by the nonexertional limitations set forth in Finding No. 5 above.

8. The claimant is 39 years old and is defined as a younger individual (20 CFR 404.1563).

9. The claimant has a high school education and two years of college (20 CFR 404.1564).

10. The claimant does not have any acquired work skills which are transferable to the skilled or semiskilled work functions of other work (20 CFR 404.1568).

11. Based on an exertional capacity for light work, and the claimant's age, education, and work experience, section 404.1569 and Rule 202.21, Table No. 2, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of "not disabled."

12. Although the claimant's additional nonexertional limitations do not allow her to perform the full range of light work, using the above-cited rule as a framework for decision-making, there are a significant number of jobs in

> the national economy which she could perform. Examples of such jobs are packer and inspector, of which there are 9,000 in the State of South Carolina, and 130,000 in the national economy.
>
> 13. The claimant was not under a 'disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR 404.1520(f)).

Tr. 25-27.

## APPLICABLE LAW AND REGULATIONS

The Social Security Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are "under a disability." 42 U.S.C. § 423(a). Disability is defined in 42 U.S.C. § 423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can expected to result in death or which has lasted or can be expected to last for at least 12 continuous months.

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must determine whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an impairment contained in the Social Security Act listings of impairments, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing any other work. 20 C.F.R. § 404.1520.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. Richardson v. Perales, 402 U.S. 389 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a de novo review of the evidence and requires the court to uphold the Secretary's decision as long as it is supported by substantial evidence. See Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir. 1988) (citing Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "substantial evidence" is defined as evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

In short the only issue before the Court is whether the final decision of the Commissioner is supported by substantial evidence and proper legal standards have been applied.

### ARGUMENTS

By brief the plaintiff argued that the administrative law judge committed reversible error by failing to consider her impairments in combination, by failing to adequately consider the plaintiff's subjective complaints, and by failing to accept the disability opinion of treating physician Dr. Tully. However, at oral argument before the undersigned on July 13, 2005, the

plaintiff's counsel conceded that the plaintiff was not disabled as a result of any physical impairment or combination of physical impairments, but rather argued that the plaintiff was disabled by virtue of her mental impairments and sought a remand to the Commissioner so that a mental assessment could be completed.

## DISCUSSION

A review of the record and relevant case law reveals that the Commissioner's decision is supported by substantial evidence and that correct legal principals were applied.  Therefore the denial of benefits should be affirmed.

Plaintiff has a history of mental impairments including depression as reflected by the evidence of record.  The administrative law judge's decision that Plaintiff was restricted to routine repetitive tasks involving simple one-to-two step instructions in low stress environments not requiring any public contact accommodated her psychological impairments.  (Tr. 24).

Plaintiff reported to Dr. Thorne in April 2001 that she was not having any current psychological symptoms.  (Tr. 400). Plaintiff had various mental status examinations and they were consistently within normal limits.  (Tr. 125, 399, 712).  The findings of examining physician Dr. Klohn also supported the administrative law judge's decision.  Specifically, in August 2001, Dr. Klohn found Plaintiff's psychomotor activity was within normal limits and she was fully oriented.  (Tr. 181).  Dr. Klohn also detailed evidence that Plaintiff was exaggerating her complaints:  Plaintiff produced inconsistent motivation, she just

6

gave up on certain test items, and she produced inconsistent results on testing. (Tr. 184). Dr. Klohn indicated that the findings made on examination likely represented hypochondrias (Tr. 185).

Further, the administrative law judge was entitled to rely on the findings of state agency psychological consultants. In August 2001, after Dr. Klohn's examination, Dr. King, a state agency psychological consultant, found that Plaintiff had severe depression, anxiety, pain disorder, somatoform disorder, and hypochondrias which resulted in moderate difficulties in maintaining concentration and persistence. (Tr. 827). Dr. King also completed a mental Residual Functional Capacity (RFC) assessment and found that Plaintiff was moderately limited in her ability to complete a normal work day and work week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (Tr. 831-832). On January 25, 2002, Dr. Wailer, another state agency psychological consultant, determined that Plaintiff's severe depression, anxiety, pain disorder, somatoform disorder, hypochondrias, personality disorder, and drug-seeking behavior resulted in moderate limitations in her activities of daily living, maintaining social functioning, concentration, persistence, or pace. Further, Dr. Wailer found that the plaintiff had one or two episodes of decompensation of extended duration. (Tr. 808). Dr. Wailer also completed a mental RFC assessment and found Plaintiff was moderately limited in

maintaining attention and concentration for extended periods; performing activities within a schedule and maintaining regular attendance; completing a normal work day or work week; interacting appropriately with the general public; accepting instructions and responding appropriately to criticism; and getting along with her coworkers without distracting them. (Tr. 812-813). He found that Plaintiff could perform simple tasks for two or more hours with no special supervision, would likely miss an occasional workday due to mental problems, and was likely to experience occasional interpersonal difficulties and needed a job requiring minimal contact with coworkers and no contact with the public. (Tr. 814).

The administrative law judge could appropriately rely upon this medical opinion evidence, which was supported by the clinical and objective findings. See, 20 C.F.R. § 404.1427(f) (administrative law judge must consider findings of state agency medical and psychological consultants and other program physicians and psychologists as expert opinion evidence); Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984) (the testimony of a non-examining physician can be relied upon when it is consistent with the record); see also, Saelee v. Chater, 94 F.3d at 522 (9th Cir. 1996) (the findings of nontreating, nonexamining physicians can amount to substantial evidence, so long as other evidence in the record supports those findings), citing Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).

**CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended that the decision of the Commissioner be affirmed.

Respectfully submitted,

S/Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

September 12, 2005

9