UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Donna Sullivan,<br><br>    Plaintiff,<br><br>v.<br><br>Jo Anne B. Barnhart,<br>Commissioner of Social Security,<br><br>    Defendant. | C/A No. 2:04-2173-13AJ<br><br>**ORDER**<br>(Written Opinion) |

This matter is before the Court to issue a final order on the magistrate's Report and Recommendation made in accordance with Local Rule 73.02(B)(2)(a), D.S.C., and filed September 12, 2005. Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner. The Commissioner denied the Plaintiff's application for disability benefits and the magistrate recommends affirming the decision of the Commissioner.

I. Background

Plaintiff applied for Disability Insurance Benefits (DIB) on March 21, 2001, alleging disability beginning on January 7, 2001 due to recurrent seizures, migraine headaches, depression and back pain. The Commissioner denied the applications initially and on reconsideration. The administrative law judge (ALJ) held a hearing on January 9, 2003. The ALJ and Karl S. Weldon, a vocational expert considered

1

the case de novo and on June 12, 2003, found that the Plaintiff was not under a disability as defined in the Social Security Act, as amended. The Appeals Council approved the decision on April 27, 2004, thereby making the determination of the ALJ, the final decision of the Commissioner. The Plaintiff then filed this action in United States District Court.

## II. Standards of Review

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Plaintiff has made objections to the magistrate's Report and Recommendation.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas*

2

*v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch,* 438 F.2d 1157, 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson,* 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen,* 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the Secretary's findings, and that his conclusion is rational." *Vitek,* 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987).

### III. Discussion

Plaintiff asks the Court to consider the following objections to the magistrate's Report and Recommendation:

> (1)That the Commissioner's decision to deny the Plaintiff DIB was supported by substantial evidence despite

3

finding a combination of severe impairments.

(2)That the ALJ properly considered the Plaintiff's combination of impairments in determining that she was not disabled; specifically the fact that Plaintiff's severe depression, anxiety, pain disorder and somatoform disorder did not pose significant limitations that would prevent her from repetitive tasks with simple one-to-two step instructions.

(3)That the ALJ gave an appropriate lesser weight to the opinions of the Plaintiff's treating physicians, given other substantial evidence in the record. Specifically, in light of those physicians that substantiated claims of severe depression and anxiety and medical records that consistently document serious mental limitations, including a suicide attempt in 2003 wherein she overdosed on medication.

(4)That the ALJ did not err in not accepting the testimony of the vocational expert's report that no jobs could be performed given Plaintiff's vocational limitation concerning her concentration capabilities. As the record supported Plaintiff's severe mental impairments, including documented inability to carry out tasks on a job was also substantiated by Plaintiff's credible testimony, the vocational expert's opinion that no jobs could be performed were both helpful and relevant and thus not justifiably disregarded by the ALJ.

(Plaintiff's Obj. pp. 1,2,3,4).

Substantial Evidence

In regards to Plaintiff's first three objections, the magistrate states in his Report and Recommendation that,"By brief the Plaintiff argued that the ALJ committed reversible error by failing to consider her impairments in combination, by failing to adequately consider the Plaintiff's subjective complaints and by failing to accept the disability opinion of treating physician Dr. Tully. However, at oral argument before the magistrate on July 13, 2005, the Plaintiff's counsel conceded

4

that the Plaintiff was not disabled as a result of any physical impairment or combination of physical impairments, but rather argued that the Plaintiff was disabled by virtue of her mental impairments and sought a remand to the Commissioner so that a mental assessment could be taken." ( R&R at 5-6).

However, after a thorough review of the record , it is quite evident that the Commissioner's decision is supported by substantial evidence and that the correct legal principles were applied.  To give further discussion to Plaintiff's third objection, where Plaintiff objects to the ALJ giving lessor weight to the opinion of Plaintiff's treating physicians, it is clear that there is substantial evidence in the record to support it.

The ALJ considered Dr. Tully's October 30, 2001 opinion that Plaintiff was disabled and discounted it. (Tr. 23, *see* Tr. 350). The determination of "disability" is a legal conclusion for the Commissioner to make. 20 C.F.R. § 404.1527; *Cf. Castellano v. Secr'y of Health & Human Services*, 26 F.3d 1027, 1029 (10th Cir. 1994) ( A treating physician's opinion that a claimant is totally disabled "is not dispositive because final responsibility for determining the ultimate issue of disability is reserved to the [Commissioner]"). Moreover, Fourth Circuit precedent does not require that a physician's opinion be given controlling weight "..... if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight. *See Craig v. Chater*, 76 F.3d 585, 591 (4th Cir. 1996). The ALJ could give this statement little

5

weight because the opinion contradicted Dr. Tully's own note that Plaintiff's seizure-like activity were not really seizures. (Tr. 187). Moreover, her opinion that Plaintiff was disabled was contradicted by the extensive lack of physical findings, Plaintiff's drug seeking behavior and her lack of compliance with treatment. (Tr. 117,118,121,125,127,129,178,184,187-190,399,400,416,429,436,452,464,478,705,712,848,875,927,1005,1092,1094,1118).

Plaintiff also has a history of mental impairments, but she reported to Dr. Thorne in April 2001, that she was not having any current psychological symptoms. (Tr. 400). The ALJ could rely on Plaintiff's statements to determine that her depression was not disabling. *Jolly v. Weinberger*, 537 F.2d 1179, 1181 (4th Cir. 1976) (inferences can be properly drawn from record evidence). Moreover, Plaintiff's mental status examinations were consistently within normal limits. (Tr. 125, 399, 712). *See , e.g. Craig*, 76 F.3d at 591-596 ( objective medical evidence supported a conclusion that claimant was not disabled).

The findings of examining physician Dr. Klohn also supported the ALJ's decision that Plaintiff was restricted to routine repetitive tasks involving simple one-to-two step instructions in low stress environments not requiring any public contact (Tr. 24). Specifically, in August 2001, Dr. Klohn found Plaintiff's psychomotor activity was within normal limits and she was fully oriented. (Tr. 181). *See , e.g. Craig*, 76 F.3d at 591-596 ( objective medical evidence supported a conclusion that

6

claimant was not disabled). Dr. Klohn also detailed evidence that Plaintiff was exaggerating her complaints; Plaintiff produced inconsistent motivation, she just gave up on certain test items and she produced inconsistent results on testing. ( Tr. 184). Dr. Klohn indicated that the findings made on examination likely represented hypochondrias. (Tr. 185). *Jenkins v. Bowen*, 861 F.2d 1083, 1086, (8th Cir. 1988) (ALJ may consider that a claimant exaggerated his symptoms). Therefore the Plaintiff's first three objections are without merit.

The Plaintiff's fourth objection argues that because the record supported Plaintiff's severe mental impairments, including documented inability to carry out tasks on a job was also substantiated by Plaintiff's credible testimony, the vocational expert's opinion that no jobs could be performed were both helpful and relevant and thus not justifiably disregarded by the ALJ. As discussed above, there is substantial evidence in the record to support the Commissioner's decision. Further, the vocational expert testified that an individual of Plaintiff's age, with Plaintiff's education, work history and residual functional capacity, would be able to perform the light unskilled jobs of hand packer and inspector, in numbers that were accepted by the ALJ as significant. (Tr. 1318-19). Because the hypothetical question posed to the expert reflected an accurate account of Plaintiff's limitations that were borne out by the record and accepted by the ALJ, the ALJ was entitled to consider the opinion of the expert as reliable evidence of the existence of work in the regional economy that Plaintiff could perform. *Mickles v.Shalala*, 29 F.3d 918,

921 (4th Cir. 1994). Therefore, Plaintiff's final objection is without merit.

## IV.  Conclusion

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law and substantial evidence exists to support the findings. Accordingly, the Report and Recommendation is accepted and adopted by this Court.

IT IS THEREFORE ORDERED that the Commissioner's decision be AFFIRMED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

November 7, 2005